UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-62255-JEM/Becerra

KFIR BALUL and
KESEF LLC d/b/a Soho Asian Bar Grill,

    Plaintiffs,

v.

ALEJANDRO MAYORKAS, Secretary of the
Department of Homeland Security (DHS), and
UR MENDOZA JADDOU, Director of U.S.
Citizenship and Immigration Services (USCIS),

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS ON
## CROSS-MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court on Plaintiffs Kfir Balul's and Kesef LLC's Motion for Summary Judgment, ECF No. [21], and Defendants Department of Homeland Security's ("DHS") and U.S. Citizenship and Immigration Services' ("USCIS") Motion for Summary Judgment, ECF No. [22]. The Honorable Jose E. Martinez referred the Motions to the undersigned for a report and recommendation, ECF No. [30]. Defendants filed an Opposition to Plaintiffs' Motion for Summary Judgment, a Statement of Material Facts in Opposition to Plaintiffs' Motion for Summary Judgment, a Statement of Material Facts in support of their Motion for Summary Judgment, and a Notice of Supplemental Authority. *See* ECF Nos. [23], [24], [25], [34]. Plaintiffs filed an Opposition to Defendants' Motion for Summary Judgment,[1] and a Reply in Support of their own Motion for Summary Judgment. *See* ECF Nos. [26], [28]. The Parties appeared before

---

[1] Plaintiffs mistakenly docketed their Opposition twice, *see* ECF Nos. [26], [27]. These documents are identical.

1

the undersigned for oral argument on January 11, 2023 (the "Hearing"). ECF No. [39]. After due consideration of the Motions for Summary Judgment, argument of counsel at the Hearing, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **RECOMMENDED** that Plaintiffs' Motion for Summary Judgment, ECF No. [21], be **GRANTED**, and Defendants' Motion for Summary Judgment, ECF No. [22], be **DENIED**, as discussed further below.

## I. BACKGROUND AND INSTANT MOTION

This action is brought pursuant to the Immigration and Nationality Act ("INA") and Administrative Procedures Act ("APA") seeking judicial review of Defendants' denial of Plaintiffs' immigration petition. *See generally* ECF No. [14]. In October 2018, Plaintiff Kesef, LLC, doing business as Soho Asian Bar and Grill ("Soho"), submitted an Application for Permanent Employment Certification ("Labor Certification") to the United States Department of Labor seeking approval to employ Plaintiff Kfir Balul as a cook at its restaurant. *See* ECF No. [20-1] at 117-126. The priority date of the Labor Certification is October 3, 2018. *See* ECF No. [23] at ¶ 3.

It is helpful at the outset to briefly describe the process by which a business can permanently employ an immigrant worker, the process at issue here. First, the prospective employer "must file an immigrant labor certification application with the Department of Labor." *Kurapti v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F. 3d 1255, 1258 (11th Cir. 2014) (citing 8 U.S.C. § 1153(b)(3)(C)). In the application, the prospective employer describes the job offered and the prospective employee describes his qualifications for that position. *See generally* ECF No. [20-1] at 117-126. The Department of Labor ("DOL") reviews the application and, if approved, certifies that "there are not sufficient U.S. workers available [for the position] and the

employment of the [immigrant] will not adversely affect the wages and working conditions of workers in the U.S. similarly employed." *Id*. at 125; *see also* 8 U.S.C. § 1182(a)(5)(A)(I). Second, once the DOL issues the labor certification, the prospective employer "must file an I-140 visa petition on the immigrant's behalf with USCIS." *Kurapti*, 775 F. 3d at 1258; 8 U.S.C. § 1154(a)(1)(F). Finally, if USCIS approves the I-140 visa petition, the prospective employee and his spouse can file an I-485 application to become a permanent resident. *Kurapti*, 775 F. 3d at 1258; 8 U.S.C. §§ 1153(d), 1255(a).

### A. The Labor Certification

The Labor Certification that Soho submitted in this case describes the job duties of the position, as relevant to the instant Motions, as follows: "[p]repare, season, cook *Kosher and Asian dishes*, including appetizers, soups, salads, seafood, and meats." ECF No. [20-1] at 119 (emphasis supplied). The Labor Certification also includes the following questions and answers: Q: "Is experience in the job offered required for the job?" A: "Yes" Q: "If Yes, number of months experience required:" A: "24." *Id*.

The Labor Certification also set forth Mr. Balul's prior work experience. The Labor Certification states that Mr. Balul worked 70 hours per week at "Soho Sushi & Bar" from August 5, 2016 through February 3, 2018 "cooking Asian style and Kosher dishes…." *Id*. at 123. It also states that Mr. Balul worked 70 hours per week at "Limon Events" from July 10, 2011 through July 22, 2015 "cooking for an average of 1300 people daily for different events and koshers…." *Id*. at 123-24.

The Department of Labor approved the Labor Certification in May 2019. *Id*. at 125.

### B. The I-140 Immigration Petition

On November 5, 2019, Soho filed a Form I-140 Immigrant Petition for Alien Work (the "Petition") with the U.S. Citizenship and Immigration Services ("USCIS") on behalf of Mr. Balul, seeking to classify him as a skilled worker. *See* ECF No. [21-1] at ¶ 3; ECF No. [25] at ¶ 3. The Petition included employment letters from Soho Sushi & Bar and Limon Events. *See* ECF No. [20-1] at 144-148. The letter from Soho Sushi & Bar states that Mr. Balul worked for the company from January 1, 2017 through February 3, 2018, which differs from the period set forth in the Labor Certification by approximately five (5) months. *Id*. at 147. The letter from Limon Events states that Mr. Balul worked for the company "from July 2011 to July 2015," *id*. at 144, which is consistent with the Labor Certification.

### C. The USCIS Request for Evidence

On November 15, 2019, USCIS issued a Request for Evidence ("RFE") seeking additional evidence to resolve inconsistencies in the record regarding the length of Mr. Balul's employment experience at Limon Events and Soho Sushi & Bar. *Id*. at 331-32. Soho responded to the RFE with, among other things, a (i) "Human Resources Certification" from Limon Events, (ii) "Human Resources Certification" from Soho Sushi & Bar, and (iii) printout from the Israeli National Insurance Institute, Bituah Leumi-Social Security Agency reflecting Mr. Balul's employment dates with Limon Events and Soho Sushi & Bar.[2] *Id*. at 334-343, 356.

The certification from Limon Events sets forth different dates of employment than previously provided. It states that Mr. Balul was employed from March 2, 2014 to January 15,

---

[2] The National Insurance Institute documents spell Limon Events as "Lemon Events." *See* ECF No. [20-1] at 340. It also lists "Izobar Coffee House" instead of Soho Sushi & Bar. *Id*. According to the Human Resources Certification from Soho Sushi & Bar, Izobar Coffee House does business as Soho Sushi & Bar. *See* ECF No. [20-1] at 356.

4

2015, and May 1, 2015 to May 7, 2015. *Id*. at 337. It also acknowledges that "[t]he previous letter which we provided mistakenly listed incorrect employment dates [for Mr. Balul]." *Id*.

The certification from Soho Sushi & Bar similarly lists different dates of employment than set forth in its prior letter. Soho Sushi & Bar's certification states that Mr. Balul was employed from May 8, 2016 to July 24, 2016, and August 17, 2016 to February 3, 2018. *Id*. at 356. This latter period is largely consistent with the dates set forth in the Labor Certification. *Compare Id*. at 123, *with Id.* at 356. As for the earlier period, Soho Sushi & Bar explained that "[t]he previous letter which we provided Mr. Kfir only included his last employment at our restaurant." *Id*. at 356.

The records from the National Insurance Institute reflect that Mr. Balul worked at Limon Events from March 1, 2014 to January 31, 2015, and May 1, 2015 to May 31, 2015. *Id*. at 340. This time period is the same, less one day, as the period set forth in Limon Event's Human Resources Certification, and is within the period set forth in the Labor Certification. With respect to Soho Sushi & Bar, the National Insurance Institute documents reflect that Mr. Balul was employed from May 1, 2016 to December 31, 2016, and January 1, 2017 to February 3, 2018. *Id*. The latter time period is the same as set forth in the employment letter submitted with the Petition, and is within the period set forth in the Labor Certification and Soho Sushi & Bar's Human Resources Certification. The earlier time period is largely consistent with Soho Sushi & Bar's Human Resources Certification, and is within the period set forth in the Labor Certification, less approximately three (3) months.

### D. The Agency Decision

On April 9, 2020, USCIS denied the Petition for two reasons: (1) Soho failed to show that Mr. Balul met the employment experience requirement set forth in the Labor Certification, and (2) Soho willfully misrepresented material facts regarding Mr. Balul's employment history. *Id*.

5

Soho thereafter filed a motion with the Administrative Appeals Office ("AAO") to reconsider the USCIS's decision. *Id*. at 2-7.

On March 10, 2022, the AAO issued its decision affirming denial of the Petition (the "Decision"). *See* ECF No. [14-8]. The AAO withdrew the USCIS' finding of willful misrepresentation, but agreed that Soho failed to establish with "independent, objective evidence that [Mr. Balul] possesses the required 24 months of experience in the job offered, specifically preparing, seasoning, cooking *Kosher and Asian dishes* as required by the labor certification." *Id*. at 7 (emphasis in original, quotation marks and alterations omitted). The AAO concluded that the inconsistencies in the dates of Mr. Balul's employment with Limon Events and Soho Sushi & Bar remain unresolved, and did not render any further findings or opinion on the dates of employment. *Id*. at 7. Instead, the AAO upheld USCIS' denial because "[d]espite the inconsistency [in the dates of employment], none of the documentation in the record demonstrates that [Mr. Balul] was employed at least 24 months full-time with Soho Sushi [&] Bar, the only employment in which [he] claims experience in cooking Asian dishes." *Id*. The AAO's conclusion that Mr. Balul lacked the requisite employment experience was based upon its interpretation of the Labor Certification. Specifically, the AAO read the Labor Certification to require Mr. Balul to have twenty-four months of experience cooking Kosher dishes, *and* twenty four months of experience cooking Asian dishes, as opposed to having a total of twenty four months of experience. *Id*. at 6, 7.

### E. This Action

Plaintiffs filed this lawsuit alleging that Defendants' decision to deny the Petition violates the Administrative Procedures Act because it is arbitrary and capricious (Count I) and constitutes an abuse of discretion (Count II).[4] *See generally* ECF No. [14]. The parties thereafter filed cross-

---

[4] Count III of the Amended Complaint seeks a preliminary injunction to postpone the effectiveness

motions for summary judgment. Plaintiffs argue that the Decision is arbitrary and capricious because USCIS: (i) failed to consider Mr. Balul's prior employment experience as a "chef" because the position offered is for a "cook," (ii) failed to properly credit Mr. Balul's prior work experience at Limon Events because some documents refer to the company as "Lemon Events," (iii) disregarded evidence in order to conclude that Soho failed to establish that Mr. Balul's prior employment was on a full-time basis, as opposed to a part-time basis, (iv) erroneously applied a clear and convincing evidence standard, rather than a preponderance of the evidence standard, to conclude that Soho failed to meet its burden, and (v) erroneously concluded that Mr. Balul lacked the minimum qualifications for the job offered because he did not have 24 months experience cooking Asian dishes, even though the evidence established that his combined experience cooking Kosher and Asian dishes exceeded two years. *See* ECF Nos. [21] at 8-18; [3-7].

Defendants argue that USCIS properly denied the Petition because the Labor Certification "states that the cook position requires, among other things, 24 months of experience cooking Kosher and *Asian* dishes" and "none [of the documentation submitted] show that Balul was employed for at least 24 months with Soho Sushi [&] Bar…[t]he only employment in which Balul has experience in cooking Asian dishes." ECF No. [22] at 3, 10 (emphasis in original). Defendants also argue that Soho failed to prove that Mr. Balul had the requisite experience because "there were numerous inconsistencies and conflicting information in the employment history in the labor certification, initial employment letters, revised employment letters, and the National Insurance Institute's records." *Id*. at 8-10.

At the Hearing, the parties narrowed the issues considerably. They agreed that the Court need not consider arguments regarding whether USCIS improperly distinguished between Mr.

---

of the Decision.

Balul's employment as a chef as opposed to a cook, and whether Limon Events is inconsistent with Lemon Events, because the AAO did not rely on those bases to affirm denial of the Petition. They also agreed that the Court need not consider whether Mr. Balul worked full-time or part-time because the AAO assumed that Mr. Balul worked on a full-time basis when determining whether he was sufficiently qualified for the job offered. *See also* ECF No. [24] at 6. As such, the parties agreed that the central issue for the Court to resolve is whether Defendant's interpretation of the amount of experience required by the Labor Certification is correct.

On that issue, Plaintiffs argue that the Decision is arbitrary and capricious because Defendants imputed additional qualification requirements into the Labor Certification, namely that Mr. Balul possess a cumulative 48 months of cooking experience. *See* ECF No. [26] at 3-6. Plaintiffs contend that Defendants have improperly read the word "*each*" into the Labor Certification, namely that 24 months of experience is required in *each* Kosher and Asian cooking. Plaintiffs assert that the correct reading of the Labor Certification requires that Mr. Balul have experience cooking Kosher dishes and Asian dishes in any combination for a total of 24 months. By contrast, Defendants argue that the Labor Certification requires either (i) 24 months experience in which Mr. Balul cooked both Kosher and Asian dishes, in effect "Kosher Asian" cuisine, or (ii) 24 months experience cooking Kosher dishes and 24 months experience cooking Asian dishes.

As explained below, the undersigned concludes that Defendants' interpretation of the Labor Certification lacks a rational basis, and that the Petition should have been approved because the record establishes, by a preponderance of the evidence, that Mr. Balul had 24 months of experience cooking Kosher and Asian dishes. For these reasons, it is unnecessary for Court to decide whether Defendants failed to apply the correct burden of proof.

8

## II. ANALYSIS

The APA provides that a court must set aside any "action, findings, and conclusions" of an administrative agency which is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  Agency action is arbitrary and capricious "where the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Miccosukee Tribe of Indians of Florida v. United States*, 566 F. 3d 1257, 1264 (11th Cir. 2009) (citations omitted). This is a "narrow" scope of review, *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009), which is "exceedingly deferential." *Sierra Club v. Van Antwerp,* 526 F. 3d 1353, 1360 (11th Cir. 2008). The court is "not authorized to substitute [its] judgment for the agency's as long as [the agency's] conclusions are rational." *Miccosukee Tribe of Indians of Florida*, 566 F. 3d at 1264 (citation omitted); *see also Tackitt v. Prudential Ins. Co. of America,* 758 F. 2d 1572, 1575 (11th Cir. 1985) ("A finding that a decision was arbitrary or capricious requires us to find no rational basis for the decision.") (citation omitted).

In making this determination, the court considers whether "the agency…examine[d] the relevant data and articulated a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983) (citation omitted). If there is a rational connection between the evidence and the decision, the court must defer to the agency's expertise. *Tackitt,* 758 at 1575 (citations omitted). But where the agency fails to provide a rational explanation for its decision, a reviewing court must set aside the agency action as arbitrary and capricious. *See e.g.,*

*Sierra Club,* 526 F. 3d at 1360 (agency decision arbitrary and capricious "absent record support" for agency's conclusions). The Eleventh Circuit has held that "an agency fails to give reasoned consideration to the record evidence when it misstates the contents of the record, fails to adequately explain any illogical conclusions, or provides justifications for its decision which are unreasonable or do not respond to any arguments in the record." *Xunbing Liu v. U.S. Attorney Gen.*, 440 F. App'x 718, 719 (11th Cir. 2011).

"[W]hen a party seeks [judicial] review of agency action under the APA, the district judge sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F. 3d 1077, 1083 (D.C. Cir. 2001). Summary judgment is "particularly appropriate" in these cases, *Fla. Fruit & Vegetable Ass'n v. Brock*, 771 F. 2d 1455, 1459 (11th Cir. 1985), because "the entire case on review is a question of law." *Am. Bioscience, Inc.*, 269 F. 3d at 1083 (citations omitted). "The court does not look at whether there is a genuine issue of material fact, but instead turns directly to the question of the validity of the challenge." *Stillwell v. U.S. Dep't of Comm., Nat'l Oceanic & Atmospheric Admin.*, No. 8:16-CV-02568, 2017 WL 6947420, at *4 (M.D. Fla. Nov. 27, 2017) (citations omitted). In conducting its review, the court is limited to the administrative record before the agency at the time of its decision. *See Preserve Endangered Areas of Cobb's History, Inc. ("PEACH") v. U.S. Army Corps of Eng'rs*, 87 F. 3d 1242, 1246 (11th Cir. 1996) ("The focal point for judicial review of an administrative agency's action should be the administrative record.") (citation omitted). This is because "the task of the reviewing court is to apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court." *Id*. at 1246 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)).

### A. Defendant's Justification for Denying the Petition Was Based On An Interpretation of the Labor Certification That Is Not Reasonable

As mentioned above, USCIS denied the Petition because it determined that Mr. Balul was not qualified for the job offered, as he did not possess 24 months of experience cooking Asian style dishes. *See* ECF No. [14-8] at 7. This conclusion rested on USCIS' interpretation of the Labor Certification to require that the prospective employee have two years' experience in Kosher cooking and two years' experience in Asian cooking.

As an initial matter, it is not disputed that the precise language of the Labor Certification controls. USCIS "must examine the certified job offer exactly as it is completed by the prospective employer." *Id*. USCIS "does not have the authority to define the particular employment position or the necessary qualifications for such." *Id.* (citation omitted); *see also Madany v. Smith*, 696 F. 2d 1008, 1015 (D.C. Cir. 1983) (INS cannot "impose an additional or different job requirement" than set forth in the labor certification). Defendants recognize as much, as they readily acknowledge that "USCIS may neither ignore a certification term nor impose additional requirements." ECF No. [22] at 3. Moreover, the Court is not required to defer to USCIS' interpretation. As another district court aptly explained:

> The labor certification is an occupational assessment performed by DOL based on the requirements specified by the prospective employer and petitioner. [USCIS] does not have any particular expertise in relation to an employer's needs or intent in defining employment positions. Likewise, it has no particular expertise as to the certification performed by DOL. Thus, there is no justification for affording deference to the agency's interpretation in this context.

*SnapNames.com, Inc. v. Chertoff*, No. CV 06–65–MO, 2006 WL 3491005, at *6 (D. Or. Nov. 30, 2006).

Here, the Labor Certification states that the job duties of the position include "[p]repar[ing], season[ing], [and] cook[ing] Kosher and Asian dishes." ECF No. [20-1] at 119. The Labor

11

Certification specifies the length of experience required for that job. It states: "number of months experience required: 24[.]" *Id*. To give effect to these provisions as written, the prospective employee must have experience cooking Kosher dishes and cooking Asian dishes for a combined total of 24 months. Defendants' reading requires that Mr. Balul have experience in each, which would require the experience to total 48 months. Such a reading invalidates the 24-month requirement and reads a 48-month requirement into the Labor Certification, something that the agency cannot do. Indeed, the only way that any person could met the qualification required in 24 months under the USCIS' reading is if the person's 24 months of experience was in "Kosher Asian" cooking.  However, that interpretation eliminates the word "and" in the Labor Certification, and thus, is inconsistent with the language of the certification itself.

An agency's interpretation is unreasonable when the agency fails to apply the plain language of the labor certification, *Rosedale and Linden Park Co. v. Smith*, 595 F. Supp. 829, 833 (D.D.C. 1984), or imposes "additional threshold requirements that are plainly erroneous…" *Love Korean Church v. Chertoff*, 549 F. 3d 749, 758 (9th Cir. 2008) (vacating AAO decision revoking visa petition because "CIS' interpretation of [regulation] was unreasonable with respect to both the requirements that the AAO found unsatisfied in this case…."). The explanation that Defendants offered to deny the Petition – that Mr. Balul failed to meet the minimum requirements of the Labor Certification because he lacks two years' experience in Asian cooking – is not a rational one, and therefore, the agency's actions should be deemed arbitrary and capricious.

> **B. Soho Met its Burden to Establish that Mr. Balul Possessed the Requisite Employment Experience**

The prospective employer bears the burden of establishing, by a preponderance of the evidence, that the prospective employee is eligible for the employment-based visa sought. *See* 8 U.S.C. § 1361 ("Whenever any person ... makes application for admission ... the burden of proof

shall be upon such person to establish that he is eligible ...."); *Matter of Chawathe*, 25 I. & N. Dec. 369, 375-76 (B.I.A. Oct. 20, 2010) ("Except where a different standard is specified by law, a petitioner or applicant in administrative immigration proceedings must prove by a preponderance of the evidence that he or she is eligible for the benefit sought."). The undersigned is mindful that "it is the language of the labor certification job requirements that will set the bounds of the alien's burden of proof." *Madany*, 696 F. 2d at 1015. Had USCIS correctly read the Labor Certification to require experience cooking Kosher dishes and Asian dishes which together total 24 months, the Petition would have to be approved because Soho established by a preponderance of the evidence that Mr. Balul possessed such experience.

There is no dispute that Mr. Balul had prior experience cooking both Kosher and Asian dishes. In particular, the record establishes that Mr. Balul gained experience cooking Kosher dishes at Limon Events, and cooking Asian style and Kosher dishes at Soho Sushi & Bar. *See* ECF No. [20-1] at 123, 125, 144, 147, 337, 356. While there are certain inconsistencies regarding the dates of Mr. Balul's employment with those companies, there are also periods of employment that remain consistent throughout the record.

The documents that Plaintiffs submitted do consistently reflect that Mr. Balul worked at Limon Events from March 2, 2014 through January 15, 2015, and May 1, 2015 through May 7, 2015 – a period totaling 10 months and 23 days. *Id.* at 123, 144, 337, 340. The documents also consistently reflect that Mr. Balul worked at Soho Sushi & Bar from August 17, 2016 through

13

February 3, 2018[5] – a period totaling 17 months and 18 days.[6] *Id*. at 122, 147, 340, 356. Taken together, Mr. Balul's work experience at Limon Events and Soho Sushi & Bar totals more than 28 months.

Defendants' conclusion that Soho failed to demonstrate that Mr. Balul had the necessary employment experience because of unresolved inconsistencies is not based on the record. Indeed, although the record does contain some inconsistencies, the record demonstrates that the length of Mr. Balul's combined experience at Limon Events and Soho Sushi & Bar exceeds two years. Defendant's failure to consider the entire record renders the Decision arbitrary and capricious. *Miccosukee Tribe of Indians of Florida*, 566 F. 3d at 1264 (agency action is arbitrary and capricious "where the agency…offered an explanation for its decision that runs counter to the evidence before the agency…."); *Sierra Club,* 526 F. 3d at 1360 (agency decision arbitrary and capricious "absent record support" for agency's conclusions).

### III.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, USCIS' conclusion that Mr. Balul was unqualified because he lacked 24 months experience cooking Asian dishes does not have a rational basis as the Labor Certification contained no such requirement. Further, USCIS' conclusion that inconsistencies in

---

[5] The undersigned recognizes that the employment letter submitted with Mr. Balul's Form I-140 does not indicate that Mr. Balul worked at Soho Sushi & Bar in 2016. *See* ECF No. [20-1] at 147. However, the company later explained that this letter was incomplete because it "only included [Mr. Balul's] last employment at [the] restaurant." *Id*. at 356. Further, records of the National Insurance Institute, the agency responsible for social security of Israeli residents, reflect that Mr. Balul did work at Soho Sushi & Bar from August through December, 2016, and payroll records from Soho Sushi & Bar similarly reflect Mr. Balul's employment during that period. *Id*. at 36, 39, 340. This evidence corroborates the remaining documentation in the record which show that Mr. Balul worked at Soho Sushi & Bar as of August 17, 2016 through the remainder of that year.

[6] Indeed, Defendants acknowledge that the record supports an even longer period of employment at Soho Sushi & Bar. *See* ECF No. [22] at 10 ("Taken in the light most favorable to Plaintiffs, Balul worked approximately 20 months and 17 days" at Soho Sushi & Bar.").

the dates of Mr. Balul's employment with Limon Events and Soho Sushi & Bar defeated the Petition lacks a rational basis given that the record did support the amount of experience required. Because Soho met its burden to prove that Mr. Balul possessed the minimum experience required for the job offered, the Petition should have been approved.

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiffs' Motion for Summary Judgment, ECF No. [21], be **GRANTED** and Defendants' Motion for Summary Judgment, ECF No. [22], be **DENIED**. Specifically, the undersigned **RECOMMENDS** that the Court remand this matter to USCIS to issue an opinion consistent with the findings of this Court.

## IV.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court Judge within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on February 15, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**