UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number: 21-62255-CIV-MARTINEZ-BECERRA

KFIR BALUL,
KESEF LLC d/b/a
Soho Asian Bar Grill,

    Plaintiff,

vs.

ALEJANDRO MAYORKAS,
Secretary of the Department
of Homeland Security (DHS), and
UR MENDOZA JADDOU, Director
of U.S. Citizenship and Immigration
Services (USCIS),

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation on Plaintiffs' Motion for Summary Judgment, (ECF No. 21), and Defendants' Motion for Summary Judgment, (ECF No. 22). After conducting a hearing, Judge Becerra filed a Report and Recommendation ("R&R"), which recommended that Plaintiffs' Motion for Summary Judgment be granted, and Defendant's Motion for Summary Judgment be denied. (ECF No. 40). Defendants filed objections to the R&R ("Objections") (ECF No. 41), to which Plaintiffs responded ("Response") (ECF No. 42).

This Court has a duty to "make a de novo determination of those potions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." *Id.* The Court, having conducted a de novo review of the record and issues presented in the Objections, agrees with Magistrate Judge Becerra that Plaintiffs are entitled to summary judgment for violations of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) ("APA"). As explained below, the Court overrules Defendants' first and second objections, and sustains the third.

The R&R identified that the central issue before the Court is whether "Defendant[s'] interpretation of the amount of experience required by the Labor Certification is correct." (R&R at 8). Indeed, this issue was the crux of the decision by the Administrative Appeals Office ("AAO") on Plaintiff's I-140 Petition. The R&R found that "USCIS' conclusion that Mr. Balul was unqualified because he lacked 24 months experience cooking Asian dishes [did] not have a rational basis as the Labor Certification contained no such requirement." (*Id.* at 14). Further, the R&R found that "USCIS' conclusion that inconsistencies in the dates of Mr. Balul's employment . . . defeated the Petition lack[ed] a rational basis given that the record did support the amount of experience required." (*Id.* at 15). The R&R concluded that "[b]ecause Soho met its burden to prove that Mr. Balul possessed the minimum experience required for the job offered, the Petition should have been approved." (*Id.*). Then, the R&R recommended granting Plaintiffs' Motion for Summary Judgment and "that the Court remand this matter to USCIS to issue an opinion consistent with the findings of this Court." (*Id.*).

Defendants' first two objections to the R&R—that the AAO properly determined that Plaintiff did not meet the minimum requirements of the position (1) based on inconsistencies in the record, and (2) because the AAO properly calculated the necessary amount of experience— were previously considered and rejected by Judge Becerra. While objections that raise arguments

previously presented to the Magistrate Judge are generally insufficient,[1] the Court has nonetheless considered them anew and finds them to be without merit for the same reasons as set forth in the R&R.

Defendants' final objection to the R&R is that it "ordered the Petition be approved." (Obj. at 6). Defendants contend that the appropriate remedy when a court finds an APA violation is to vacate and remand for further proceedings, without directing USCIS to reach a specific result on remand. (*Id.*). Defendants argue that compelling USCIS to grant the Petition is within the realm of AAO, not the Court. (*Id.*). In response, Plaintiffs argue that the Court has the power to grant injunctive relief under the APA and that Circuit courts across the country—although Plaintiffs cite to none from this Circuit—have upheld the grant of such relief. (Resp. at 6–7).

To recap, under the APA, the Court must set aside any "action, findings, and conclusions" by USCIS that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *See* 5 U.S.C. § 706(2)(A). As relevant here, agency action is arbitrary and capricious "where the agency has . . . offered an explanation for its decision that runs counter to the evidence before the agency[.]" *Miccosukee Tribe of Indians v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009). Importantly, "a court is not to substitute its judgment for that of the agency," but rather, must assess whether the agency "articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor*

---

[1] "Where an objecting party . . . simply reiterates his original arguments, the court reviews the Report and Recommendation only for clear error." *People for the Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 16-cv-2899, 2019 U.S. Dist. LEXIS 8406, at *4 (M.D. Fla. Jan. 17, 2019) (alteration and citation omitted); *see also Marlite, Inc. v. Eckenrod*, No. 10-civ-23641, 2012 U.S. Dist. LEXIS 117862, at *6 (S.D. Fla. Aug. 20, 2012) ("[P]arties are not to be afforded a 'second bite at the apple' when they file objections to a R& R.")

3

*Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)).

"If the record before the agency does not support the agency action . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) ("[J]udicial judgment cannot be made to do service for an administrative judgment[.]" (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)); *see also Stone & Webster Constr., Inc. v. U.S. Dep't of Labor*, 684 F.3d 1127, 1137 (11th Cir. 2012); *Calle v. U.S. Atty. Gen.*, 504 F.3d 1324, 1330 (11th Cir. 2007); *All Bright Sanitation of Colo., Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 10-cv-21808, 2012 U.S. Dist. LEXIS 128825, at *35 (S.D. Fla. Sept. 11, 2012) (concluding that agency's decision was arbitrary and capricious but that "the significance of the problems discussed herein to the ultimate outcome of this case is not for this Court to decide").

While the Court affirms and adopts the R&R's findings that the AAO's interpretation of the Labor Certification was arbitrary and capricious, the Court declines to speak to the ultimate issue of whether the Petition should be granted or denied. The Court remains cognizant of its limited review and is careful not to substitute its judgment for that of the agency. To that end, the Court sustains Defendants' third objection. The Court will leave the ultimate decision on Plaintiffs' Petition to the appropriate administrative agency on remand and for a resolution consistent with this Court's finding that the Labor Certificate only required experience cooking Kosher and Asian dishes, together totaling 24 months, and that the record shows that Mr. Balul completed 24 such months. To be clear, sustaining Defendant's third objection does not mean the Court disagrees that the Petition should be granted.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that

1. United States Magistrate Judge Becerra's Report and Recommendation, (ECF No. 40), is **AFFIRMED AND ADOPTED IN PART**. The R&R is affirmed and adopted except for the text on page 8 and 15 that states that the "Petition should have been approved," and on page 13, that states that the "Petition would have been approved."

2. Defendants' Motion for Summary Judgment, (ECF No. 22), is **DENIED**.

3. Plaintiffs' Motion for Summary Judgment, (ECF No. 21), is **GRANTED** as stated in the R&R and adjusted herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8 day of March, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copied provided to:
Magistrate Judge Becerra
All counsel of record